UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:13CR77(RNC) |
| EVAN CHAGGARIS | : | June 25, 2013 |

DEFENDANT'S SENTENCING MEMORANDUM

Evan Chaggaris is a mentally ill man living in Atlanta, Georgia, who, in 2004 and 2005, in response to a fixed paranoid delusion that sports media personnel at ESPN in Bristol, Connecticut, were spying on him, communicated vile and alarming threats to them in an irrational effort to get them to stop. He pled guilty before this Court. A Presentence Report ("PSR") was prepared and submitted, along with a court-ordered psychological evaluation. This Court will recall that the evaluating psychologist stated that Mr. Chaggaris's "condition is a lifelong one, unless there are marked advances in treatment approaches." On the other hand, the psychologist observed that Mr. Chaggaris "clearly benefits from medication management and counseling." The psychologist opined that Mr. Chaggaris "will not pose a danger to himself or others if he remains in treatment. * * * This treatment needs to continue for the foreseeable future and may need to continue for the remainder of this patient's life. * * * The patient is very likely to re-engage in threatening behavior if this treatment stops or if there is a lapse in treatment." The Court placed Mr. Chaggaris on probation for 5 years and ordered him to engage in treatment.

Mr. Chaggaris began probation at that time with United States Probation Officer Sandra Glover. USPO Glover recently provided the following summary of her experience with Mr. Chaggaris:

> I began supervising Mr. Chaggaris immediately following his sentencing. Initially, Mr. Chaggaris was suspicious and mistrustful of the government, including the U.S. Probation Officer. He begrudgingly attended counseling and saw his psychiatrist [Dr. Ray Horwitz] as directed, but it was doubtful that he was compliant with the prescribed oral medication regimen. For the first few months of his supervision, Chaggaris routinely called th[is] officer, leaving messages about persons he believed were monitoring his telephone calls. He later wrote letters to the USPO listing athletes, television stars, and news and sports reporters who he believed monitored his phone calls and stole his ideas. In December 2006, it was determined that Chaggaris had made threatening/harassing calls to Bob Ryan at The Boston Globe. Because

> jurisdiction had been transferred, this officer reported this violation to the Honorable Clarence Cooper, United States District Judge for the Northern District of Georgia. Chaggaris took responsibility for his actions, and agreed to submit to injectable anti-psychotic medications as prescribed by his psychiatrist. As a result of his cooperation, his probation was continued without revocation.
>
> After Chaggaris began receiving injections of Haldol Deconate, this officer noticed a significant, positive change in his actions and behavior. Chaggaris became less paranoid, was more congenial, and interacted more conventionally. Throughout the balance of his term of probation, Mr. Chaggaris maintained this same level of stability. On May 7, 2011, Mr. Chaggaris successfully completed his five (5) year period of probation without further incidents or violations.
>
> After his supervision ended, Mr. Chaggaris maintained periodic contact with this officer, reporting on his progress and his continued treatment with Dr. Horwitz.

As Mr. Chaggaris continued with counseling and treatment, Dr. Horwitz made two decisions that, in hindsight, were not good ones. Dr. Horwitz decided in September of 2011 to reduce the dosage of Haldol being administered to Mr. Chaggaris due to concerns about irreversible side effects if the medication persisted at high dosage, instead of changing his medication to one without those side effects. Dr. Horwitz also decided, he explained to the undersigned counsel, that he felt that it was counterproductive for Mr. Chaggaris to focus all of his discussions on ESPN in therapy sessions, so he had directed him to stop talking about ESPN and instead to talk about other things in the therapy sessions. The reduction in dosages of Haldol caused the symptoms of the mental illness to become more prominent and Dr. Horwitz was unaware of that because, ironically, Mr. Chaggaris was compliant with the directive not to talk to Dr. Horwitz about ESPN. Mr. Chaggaris re-offended when the medication became ineffective by once again making vile and alarming threats to ESPN personnel. When Dr. Horwitz became aware of what had happened, he changed Mr. Chaggaris's medication to Geodon 60mg twice a day "with good results and few side effects." Letter of Dr. Horwitz 2/22/13. In other words, upon switching to Geodon the paranoid and delusional thinking abated. Dr. Horwitz recently added Lithium as a mood stablilizer and Mr. Chaggaris is once again functioning as well as can be expected, given that his condition is not curable, only treatable. Importantly, he has been seen by all who deal with him as being extremely alarming when his delusional thinking is not under control,

but not actually dangerous. He has never physically harmed anyone.

The Court has once again received a psychological evaluation on Mr. Chaggaris, by the same evaluator who evaluated him last time. The evaluator has opined that,

> The psychological evaluation of this patient indicates that he is likely still psychotic. His psychosis is fairly well managed with current medications, but he is fragile and shows signs of decompensation evident by his presentation that includes irritability, pressured speech, and poor grooming. He is also somewhat defensive in talking about his issues and I believe he harbors elements of delusion concerning ESPN. In my opinion, this patient would be unlikely to act out on his delusions [by making threats] as long as he is being monitored by a pretrial or probation officer. His medications are clearly helping him, but they are probably not going to be fully effective in controlling his delusions and behavior.

Mr. Chaggaris faces an advisory Sentencing Guidelines imprisonment range of 5 - 16 months. See PSR at paragraph 70. The purpose of this Memorandum is to advocate a downward departure to a sentence of probation pursuant to U.S.S.G. §§ 5H1.3 and 5K2.13. Mr. Chaggaris recognizes that he was given a break at sentencing the last time when the Court sentenced him to probation. He further recognizes the wrongfulness of his behavior. However, Mr. Chaggaris is not a recidivist in the ordinary sense of that term. He is not a hardened criminal who has continued to commit crimes unabated because of prior leniency. Rather, he is, sadly, a very impaired person who needs treatment and who is at risk of re-offending by making threats when treatment lapses.

If the Court sentences Mr. Chaggaris to probation, it can put him on supervision for five years with no lapse in treatment (and he would be exposed to the statutory maximum of five years of imprisonment if he is noncompliant with treatment). If the Court sentences him to imprisonment, treatment will lapse and upon resumption he would be on supervision for a maximum of three years (and he would be exposed to a maximum of two years of imprisonment if he is thereafter noncompliant). It is respectfully submitted that under the criteria of 18 U.S.C. § 3553(a), a sentence of probation is the most reasonable sentence under the circumstances.

        Respectfully submitted,

        THE DEFENDANT,
        EVAN CHAGGARIS

        FEDERAL DEFENDER OFFICE

Dated: June 25, 2013        /s/ Gary D. Weinberger

        Gary D. Weinberger
        Assistant Federal Defender
        10 Columbus Blvd, 6th FL
        Hartford, CT 06106
        Phone: (860) 493-6260
        Bar No.: ct05085
        Email: gary_weinberger@fd.org

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on June 25, 2013, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        /s/ Gary D. Weinberger
        Gary D. Weinberger