UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

       v.                                                  Criminal No. 3:13CR00077 (RNC)

Evan P. Chaggaris                             June 28, 2013

## GOVERNMENT'S SENTENCING MEMORANDUM

### I. Introduction

On April 17, 2013 the defendant Evan Peter Chaggaris, appeared before the Honorable Robert N. Chatigny, United States District Judge, waived indictment, and pleaded guilty to a one-count Information, which charges Mailing Threatening Communications in violation of 18 U.S.C. § 876(c). Sentencing is scheduled for July 10, 2013 at 3:30 p.m. The United States submits that a below-Guideline sentence to a 5-year period of Probation may be appropriate in this case, provided that there are significant and appropriate punitive and prophylactic conditions as further described herein.

### II. Facts

Since approximately September 26, 2011, the defendant has repeatedly harassed and threatened to injure and kill certain ESPN sports commentators. The defendant made these threats by sending handwritten letters to ESPN via the United States Postal Service ("USPS") from Atlanta, Georgia to Bristol, Connecticut. While he initially lied to Atlanta FBI agents when confronted with his letters, the defendant eventually admitted to agents in late June 2012 that he had indeed sent threatening letters.

On March 25, 2005, the defendant was arrested in Atlanta, Georgia on a criminal complaint for violations of Title 18, United States Code Sections 875(c) and 876(c). On the day of his arrest, the defendant confirmed that in 2004, he mailed thirty-one threatening letters and made six threatening telephone calls from Atlanta, Georgia to certain ESPN Sports Commentators in Bristol, Connecticut. Thereafter, on October 21, 2005, the defendant pleaded guilty and on May 8, 2006, he was sentenced by Judge Chatigny to five years of probation. His probation ended on May 8, 2011. Less than five months later the defendant picked up where he had left off in 2005.

Between September 26, 2011, and November 30, 2011, ESPN received ten handwritten letters containing harassing statements, racial and ethnic slurs, and threats of violence (including death threats) directed toward ESPN sports commentators and managers. ESPN received an additional fifteen letters through June 9, 2012. In the letters, the defendant threatens to "decapitat[e] people," "rip [a certain commentator's] head off" and "come after her," "kill [another commentator] if I see him," and "squash [a commentator's] bald head like a grape."

On June 28, 2012, Atlanta FBI agents interviewed the defendant at his residence. At the beginning of the interview, the defendant denied writing letters to ESPN. He said that he would not do such a thing because he recently completed his probation period for mailing threatening letters to ESPN. He was then shown copies of ten letters addressed to ESPN dated September 25, 2011 through May 23, 2012. Afterwards, the defendant stated to the agents, "That's my writing in those letters, however, I did not write them. Someone must have copied them." After being confronted with some additional evidence the defendant admitted to writing and mailing the 2011-2012 letters.

### III. Applicable Law Governing Sentencing

As this court is well aware, the United States Sentencing Commission Guidelines ("U.S.S.G.") are no longer mandatory, but rather represent one factor a district court must consider in imposing a reasonable sentence in accordance with Section 3553(a). *See United States v. Booker*, 543 U.S. 220, 258 (2005); *see also United States v. Crosby*, 397 F.3d 103, 110-18 (2d Cir. 2005). Section 3553(a) provides that the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and then sets forth seven specific considerations:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  (B) to afford adequate deterrence to criminal conduct;
>  (C) to protect the public from further crimes of the defendant; and
>  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines];
> (5) any pertinent policy statement [issued by the Sentencing Commission];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In *United States v. Crosby*, 397 F.3d at 111-113, the Second Circuit explained that, in light of *Booker,* district courts should now engage in a three-step sentencing procedure. First, the district court must determine the applicable Guidelines range, and in so doing, "the sentencing judge will be entitled to find all of the facts that the Guidelines make relevant to the

determination of a Guidelines sentence and all of the facts relevant to the determination of a non-Guidelines sentence." *Crosby*, 397 F.3d at 111-112; *see also United States v. Salazar*, 489 F.3d 555, 557 (2d Cir. 2007) (post-*Booker* district courts maintain a statutory obligation to consider the Guidelines). Second, the district court should consider whether a departure from that Guidelines range is appropriate. *Crosby*, 397 F.3d at 112. Third, the court must consider the Guidelines range, "along with all of the factors listed in section 3553(a)," and determine the sentence to be imposed. *Id.* at 112-13; *see also United States v. Salazar*, 489 F.3d at 557 (holding, "the discretion afforded district judges by *Booker* applies to their consideration of the Guidelines range as one of the § 3553(a) factors *after* that range has been calculated") (emphasis in original). The fact that the Sentencing Guidelines are no longer mandatory does not reduce them to "a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Crosby*, 397 F.3d at 113.

Should the Court conclude that a Probationary sentence is warranted in light of the § 3553(a) factors, then several Guidelines are implicated. Probationary terms and conditions are set forth in Part B of the U.S.S.G. The U.S.S.G. §5B1.2 covers the Term of Probation, and provides for a term of at least one year, but not more than five years when, as here, the offense level is 6 or greater. The U.S.S.G. §5B1.3 covers the Conditions of Probation, which are more fully discussed below.

### IV.     Guideline Calculation

The Pre-Sentence Report ("PSR") accurately sets forth the defendant's offense conduct. In addition, the PSR accurately calculates the defendant's applicable sentencing guideline range

to be 10 to 16 months' imprisonment along with a fine range of between $3,000 and $30,000. See ¶¶ 70, 76. Moreover, the conclusions reached in the PSR are entirely consistent with the parties' Guidelines Stipulation, which is set forth in the plea agreement. See pp. 3-4. The government agrees with the calculation submitted in the PSR and respectfully urges the court to adopt it as the correct Guideline calculation.

## V. A 5-year Probationary Sentence that includes Punitive Conditions is Reasonable

At the outset, the United States submits that a sentence within the defendant's Guideline range (10-16 months imprisonment) is a reasonable sentence that complies with the purposes set forth in 18 U.S.C. § 3553(a). Nevertheless, the United States recognizes that a below-Guideline sentence is also reasonable and is indeed preferred; provided that some form of punitive and prophylactic conditions are included.

The United States submits that a 5-year probationary sentence is appropriate if it also includes substantially all of the following conditions:

1) The mandatory conditions set forth in U.S.S.G. §5B1.3(a);

2) All of the standard conditions set forth in U.S.S.G. §5B1.3(c), with the exception of #4, which relates to dependent support;

3) Special conditions (1) through (5) as set forth in U.S.S.G. §5B1.3(d).

In addition, the United States submits that some or all of the following punitive conditions illustrated in U.S.S.G. §5B1.3(e) are appropriate under the circumstances of this case:

2) Home Detention as a substitute for confinement;

3) Community Service;

4) Occupational Restrictions that prevent the defendant from working in any business related to sporting events, or television or radio as determined by the probation office;

5) Curfew; and

6) Intermittent Confinement.

To illustrate, we submit that a reasonable 5-year probationary sentence would also include: intermittent confinement on the weekends for 3 months; followed by 3 months of home detention on the weekends as a substitute for imprisonment; 100 hours of community service; and 6-months of a 9:00 p.m. curfew. The exact make-up of the punitive conditions is immaterial and rests soundly within the Court's discretion. What is material and important is the inclusion of meaningful punitive terms. We submit that a probationary term is appropriate not in order to give the defendant a break, but rather to maximize the period of time he remains under supervision. For example, if the Court were to adjudge 6 months confinement it would only be followed by supervised release not to exceed 3 years. Since a substantial period of incarceration is not called for under the facts of this case, the victims and the Government prefer the longer period of supervision that corresponds with a maximum 5-year period of probation.

Punitive conditions that adequately raise the punishment above what was levied by the Court in 2005 are indispensable for several reasons. First, raising the stakes for this defendant is important for specific deterrence. A more significant sentence than the last sentence is appropriate in order to teach this defendant and encourage him to refrain from engaging in conduct that deeply impacts innocent law-abiding victims. Second, a more significant sentence from the last one is important for general deterrence. That is, the public needs to know that offenders who repeat the same conduct do not simply get another "last chance." In addition, the punitive conditions can help give this defendant a taste of what will come if he chooses to again

threaten innocent citizens and is prosecuted a third time. To that end, the Government respectfully requests that the Court admonish this defendant in no uncertain terms that re-offending any more times will lead to a significant period of incarceration.

In addition to the above-listed punitive conditions, we also request several additional prophylactic conditions be included in the Court's sentence. Specifically, the United States requests that the defendant be precluded from traveling through Connecticut. We also request that the defendant be precluded from knowingly attending any ESPN produced events, to include both sporting events and public relations events (e.g. celebrity appearances). Moreover, the defendant should be precluded from contacting any ESPN offices, employees, or former employees in any manner to include: telephone, letter, electronic communications, or text messages.

The victims of the defendant's crimes and conduct deserve to be reassured the justice system is out to protect their interests. Although unnamed in pleadings, as the Court is aware, the victims are real people with real families. We submit that a sentence similar to the one advocated herein, will serve the victims, the accused, and the public alike. In sum, in light of the policies and factors contemplated by the Sentencing Commission in developing the Guidelines, as well as the factors set forth § 3553(a), a sentence as articulated herein is a reasonable and

appropriate sanction for the defendant's misconduct.

        Respectfully submitted,
        DEIRDRE M. DALY
        ACTING UNITED STATES ATTORNEY

/s/
PAUL H. McCONNELL
ASSISTANT UNITED STATES ATTORNEY

SARALA V. NAGALA
ASSISTANT UNITED STATES ATTORNEY
450 MAIN STREET, ROOM 328
HARTFORD, CT  06103

CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2013, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System. The foregoing has also been sent by email to:

Mr. Gary Weinberger, Esq.  
Assistant Federal Public Defender  
10 Columbus Blvd., Floor  
Hartford, CT 06106

Kristin Moran  
United States Probation Officer  
450 Main Street  
Hartford, CT 06103

By: _____/s/_____
PAUL H. McCONNELL  
ASSISTANT UNITED STATES ATTORNEY  
FEDERAL BAR NO. ct 29062  
UNITED STATES ATTORNEY'S OFFICE  
450 MAIN STREET, ROOM 328  
HARTFORD, CT 06103  
(860) 947-1101